■ In the Matter of ALLAN KRIEGEL et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review determinations of the State Tax Commission which sustained personal income tax assessments imposed pursuant to article 22 of the Tax Law. Although several issues were raised before the Tax Commission, the only issue contested in this proceeding is whether petitioners Kenneth Kriegel and Allan Kriegel properly reported their respective distributive shares of a long-term capital gain distribution made by 7 Park Avenue Company to the Schultz Management partnership, of which they are the sole partners. On their 1973 State tax returns, Kenneth Kriegel reported a long-term capital gain of $8,590 and Allan Kriegel reported a gain of $10,540. The Tax Commission held that the gains should be $33,854.71 and $41,540, respectively, and determined that tax deficiencies, penalties and interest imposed were due and owing. Schultz Management was a New Jersey investment partnership. It was a general partner in 7 Park Avenue Company (hereinafter 7 Park), a real estate partnership which sold its property in 1972 and distributed the company's assets. The 1972 tax return of 7 Park indicated that a long-term capital gain distribution of $75,394.71 was made to Schultz Management. Petitioners contended that Schultz Management's investment cost in 7 Park had increased over the years through transactions which were

not reflected in the records of 7 Park and that their correct distributive shares were as reported by them in 1973, i.e., $8,590 for Kenneth Kriegel and $10,540 for Allan Kriegel. Prior to 1957, the Schultz Management partnership had purchased a 10% limited partnership and a 3% general partnership in 7 Park for which it paid $73,655.06. In 1966, the partnership bought an additional 3% limited partnership interest for $9,200 from a limited partner of 7 Park. The transactions which petitioners contend increased Schultz Management's basis in 7 Park are based on payments made to the estates of three deceased former partners of Schultz Management in accordance with their partnership agreement.[*] The partners had agreed to execute a certificate of valuation annually so that the market value of each partner's interest would be established and would be the amount paid by the partnership in liquidation of a partner's interest. The difference between the payments made to the former partners' estates and the investment figures carried on the books of Schultz Management totaled $46,766.01. This figure, it is urged, represents the increased cost of the partnership's investment in 7 Park. Petitioners contend that this amount must be taken into account in calculating the capital gain realized from distribution of the assets of 7 Park. Petitioners also argue that the 3% interest Schultz Management purchased in 1966 was not reflected on the books of 7 Park and that their basis in 7 Park was consequently not correctly calculated. The Tax Commission held that petitioners' partnership interest in 7 Park was not increased by virtue of the payments made to the estates of its three deceased partners. The Tax Commission found subdivision (a) of section 743 and section 754 of the Internal Revenue Code (US Code, tit 26) to be determinative of the issue. In any event, the Tax Commission held that any adjustment would be relevant only to Schultz Management's 3% interest in 7 Park and, since the property sold was an asset of 7 Park, the basis of the property is the basis shown on the books of 7 Park. Therefore, the Tax Commission held that petitioners had to report their distributive share of the net long-term gain in the same amount as they were shown to be on the books of 7 Park. It held also that the books of 7 Park did correctly reflect the 3% interest purchased by Schultz Management in 1966. Subdivision (a) of section 743 of the Internal Revenue Code reads as follows: "General rule. — The basis of partnership property shall not be adjusted as a result of a transfer of an interest in a partnership by sale or exchange or on the death of a partner unless the election provided by section 754 (relating to optional adjustment to basis of partnership property) is in effect with respect to such partnership." It is uncontroverted that 7 Park did not choose to make the election provided by section 754 of the Internal Revenue Code. Petitioners urge in this proceeding that section 736 of the Internal Revenue Code is pertinent to the issue of what is the proper basis for Schultz Management's interest in 7 Park and that sections 705, 742 and 1011 of the Internal Revenue Code determine the adjusted basis of Schultz' partnership interest in 7 Park. A reading of section 736 discloses that it deals with the status of payments made to retiring or deceased partners and the respective tax burdens to the departing and remaining partners (see Mertens, Law of Federal Income Tax, § 35.78 *et seq.*). Section

---

* The transactions which petitioners contend constitute proper increases to Schultz Management's basis of its interest in 7 Park are exemplified as follows:

| Estate of | Market value paid per certificate of valuation | Value of investment on books of partnership | Amount exceeding book value |
|---|---|---|---|
| Joseph Schultz | $28,333.33 | $24,406.42 | $ 3,926.91 |
| Louis Kriegel | 52,190.56 | 41,321.26 | 10,869.30 |
| Harry Schultz | 49,290.19 | 17,320.39 | 31,969.80 |
| | | TOTAL | $46,766.01 |

705 of the Internal Revenue Code spells out in detail the method of computing the basis of a partner for his interest in a partnership. The basic approach is that of aggregating the partner's capital contributions and his share of partnership income and reducing the amount so determined by distributions to the partner and his share of partnership loss. This involves a continuous adjustment to the basis of a partner's interest. The adjusted basis of a partner's interest in a partnership is determined without regard to any amount shown in the partnership books as the partner's capital, equity or similar account. A capital account reflects what is initially invested and contributions to and distributions from the original capital investment, plus any interim adjustments that would increase or decrease basis. Petitioners contend that the basis of their partnership interest in Schultz Management was changed when the liquidation of the interest of several deceased partners occurred and, consequently, the basis of their interest in 7 Park also changed. We concur with this contention. Accordingly, a calculation should have been made in accordance with section 731 of the Internal Revenue Code to determine their capital gain in the distribution of assets by 7 Park to them. A purchaser's basis in a partnership is always his costs as adjusted (see 26 CFR 1.742-1). A section 731 calculation should be made to correctly assess petitioners' partnership interest. Sections 743 and 754 and the election referred to therein has to do with *partnership property* and, therefore, is inapplicable in the instant circumstance, when the evaluation of a *partnership interest* is involved. The issue is whether Schultz Management, in liquidating the interest of its deceased partners, did in fact allocate the excess payments made toward the deceased partners' equitable interest in 7 Park, or whether it acted as a partnership and allocated the excess to its 7 Park partnership interest as partnership property. In determining this issue, sections 743 and 754 are irrelevant. Turning to the 3% limited partnership interest acquired by Schultz Management which it contends was not reflected on the books of 7 Park, the Tax Commission relies on sections 743 and 754 to support its position. For reasons discussed above, these sections are inapplicable. The Tax Commission's determinations lack substantial evidence as a matter of law. They should, therefore, be annulled and the matter remitted for further proceedings not inconsistent herewith. Determinations annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Mahoney, P. J., Casey, Mikoll, Weiss and Levine, JJ., concur.